**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LOIS ELAINE MAULTSBY on behalf
of Lois E. Maultsby, deceased, and
KELVIN MAULTSBY,**

    **Plaintiffs,**

**v.**                                                         **Case No. 8:09-cv-2037-T-30EAJ**

**SENIOR LIVING MANAGEMENT,**

    **Defendant.**
_____/

## **ORDER**

On July 19, 2007, Elaine Maultsby received a letter from Senior Living Management evicting Lois E. Maultsby, Elaine's father, from the facility due to his condition and recommendations from his physician. Elaine Maultsby and her brother, Kelvin Maultsby, challenge the eviction purportedly as personal representatives of the Estate of Lois Maultsby, alleging race discrimination. They also allege injuries individually and on behalf of their siblings due to the facility's actions related to the eviction. Two issues are presented in Defendant's Motion to Dismiss (Dkt. 17). First, do Elaine and Kelvin Maultsby have standing to bring these claims in any capacity? Second, does the Amended Complaint state a claim upon which relief can be granted? The Court concludes that the Estate of Lois E. Maultsby is the proper plaintiff but that the Amended Complaint fails to sufficiently set forth a cause of action.

## Motion to Dismiss Standard

Although Rule 8(a)(2), Fed. R. Civ. P, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must allege enough to put the defendant on fair notice of what the claim is and the grounds upon which it rests.[1] Thus, to survive Rule 12(b)(6), Fed. R. Civ. P. dismissal, a plaintiff must allege more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[2] The Court is required to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.[3] But the plaintiff must provide "enough facts to state a claim that is plausible on its face."[4]

Factual allegations do not need to be asserted in detail, but they must be more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."[5] Sheer possibilities that the defendant acted unlawfully does not state a facially plausible claim for relief.[6] The factual allegations must permit a court reviewing a motion to dismiss "to draw the reasonable

---

[1] *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 974 (11th Cir. 2008) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555-56 (2007)).

[2] *Twombly*, 550 U.S. at 555.

[3] *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

[4] *Bell Atl. Corp.*, 550 U.S. at 570.

[5] *Ashcroft,* 129 S. Ct. at 1949.

[6] *Waters Edge Living, LLC v. Rsui Indem. Co.,* 2009 WL 4366031 at *3 (11th Cir. Dec. 3, 2009) (citing *Ashcroft*, 129 S. Ct. at 1949).

inference that the defendant is liable for the misconduct alleged" under some viable legal theory.[7] In addition, Rule 12(b)(6), Fed. R. Civ. P, authorizes a court to dismiss a claim on the basis of a dispositive issue of law.[8]

**Discussion**

**I.     The Estate of Lois E. Maultsby is the only Plaintiff with standing to bring this action**.

In the original complaint, Elaine Maultsby attempted to bring the complaint on behalf of her deceased father and her siblings. But she failed to make a showing that she was a real party in interest or that she had any authority to represent her family members. Apparently in an attempt to correct this problem, the Amended Complaint adds Kelvin Maultsby, Elaine's brother, as a named party. Attached to the Amended Complaint is a "Special Power of Attorney," signed by Kelvin Maultsby, granting to Elaine Maultsby limited representative powers, and a "Petition for Administration with Will" naming Kelvin Maultsby as the personal representative of the Estate of Lois E. Maultsby. These documents still do not make a showing that Elaine Maultsby has authority to act on behalf of anyone except Kelvin Maultsby. And even as Kelvin's agent, Elaine cannot file a lawsuit on his behalf because she is not a lawyer. Nor do these documents show that Kelvin Maultsby has authority to act as

---

[7] *Id.*

[8] *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

personal representative of the Estate of Lois E. Maultsby because there is no document showing that a court approved the Petition for Administration with Will.

At a later date, Elaine Maultsby filed Letters of Administration (Dkt. 21-1) with this Court. The Letters of Administration name Elaine Maultsby as personal representative of the Estate of Lois E. Maultsby. Therefore, it appears Elaine Maultsby does have the authority to bring this action on behalf of the Estate of Lois E. Maultsby.

Elaine and Kelvin Maultsby do not have standing to bring this action in an individual capacity. Nor would their siblings have standing if they were named plaintiffs. For a plaintiff to have standing under Article III of the United States Constitution, a plaintiff must show that she suffered actual or threatened injury as a result of the defendant's illegal conduct, the injury is fairly traceable to the challenged action, and the injury is likely to be redressed by a favorable decision.[9] This action is based on the allegedly unlawful eviction of Lois E. Maultsby from an assisted living facility. There is no allegation in the Amended Complaint that anyone other than Lois E. Maultsby suffered an injury fairly traceable to the alleged illegal eviction. And there are no allegations in the complaint that the defendants committed any other act that would serve as the basis for this action. Therefore, the only proper plaintiff in this action is the Estate of Lois E. Maultsby.

---

[9] *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472 (U.S. 1982).

## II. Count One for Racial Discrimination and Wrongful Conviction Fails to State a Claim.

Plaintiffs allege Defendant violated Florida Statute 429.26(6) by evicting Lois E. Maultsby. The statute provides:

> A terminally ill resident who no longer meets the criteria for continued residency may remain in the facility if the arrangement is mutually agreeable to the resident and the facility; additional care is rendered through a licensed hospice, and the resident is under the care of a physician who agrees that the physical needs of the resident are being met.[10]

It is unclear how this specific provision relates to Maultsby's eviction, since it does not require a facility to keep a patient. Reading the claims very liberally, it is possible that Plaintiffs are attempting to allege a violation of Florida Statute 429.29, which provides a cause of action for violations of rights specified under the Assisted Living Facilities Act, Fla. Stat. 429.01 et seq. To survive a motion to dismiss, a claim made for a violation of that statute must allege:

> (a) The defendant owed a duty to the resident;
> (b) The defendant breached the duty to the resident;
> (c) The breach of the duty is a legal cause of loss, injury, death, or damage to the resident; and
> (d) The resident sustained loss, injury, death, or damage as a result of the breach.[11]

Plaintiffs have not pled any of these elements. Therefore, Count One fails to state a claim and is dismissed.

---

[10] Fla. Stat. 429.26 (9).

[11] Fla. Stat. 429.29.

**III. Count Two for Breach of Contract Fails to State a Claim.**

A claim for breach of contract must allege three elements: (1) a valid contract; (2) a material breach; and (3) damages resulting from the breach.[12] To prove the existence of a valid contract, a plaintiff must plead the basic requirements of a contract: offer, acceptance, and consideration.[13]

Plaintiffs allege that the facility failed to assist the Maultsby family in finding a new facility for Lois Maultsby, as promised in the July 19, 2007 eviction letter. Neither acceptance nor consideration was alleged. Because there can be no breach without a valid contract, Count Two is dismissed.

**IV. Count Three for Intentional Infliction of Emotional Distress Fails to State a Claim.**

Plaintiffs allege that Elaine Maultsby has suffered great emotional distress due to her search for an attorney to assist with this action. Elaine Maultsby, in an individual capacity, is not a proper party in this action. She cannot bring a claim for her personal injuries for issues related to the Defendant's acts concerning another.

Even if Elaine Maultsby were a proper party, she fails to adequately plead intentional infliction of emotional distress ("IIED"). To state a claim for IIED, a plaintiff must allege that the wrongdoer's conduct was intentional or reckless, the conduct was outrageous, the

---

[12] *Rollins, Inc. v. Butland,* 951 So. 2d 860, 876 (Fla. Dist. Court. App. 2d 2006).

[13] *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

conduct cause emotional distress, and the emotional distress was severe.[14] Ms. Maultsby has failed to allege any of these required elements. Therefore, Count Three is dismissed.

## V. Count Four is Subject to an Arbitration Agreement.

In addition to its Motion to Dismiss, Defendant also brings a Motion to Compel Arbitration of Counts Two and Four (Dkt. 18). On July 16, 2006, Elaine Maultsby signed an arbitration agreement in relation to Lois Maultsby's residency at the Defendant Facility.[15] The arbitration agreement states that the parties agree that all disputes pertaining to "(i) the interpretation and enforcement of this Agreement and the Residents' Handbook including but not limited to any dispute alleging breach of contract; (ii) the goods, services, and care provided to you by the Facility and its employees; (iii) the maintenance of the Facility's physical environment, or a personal injury claim arising during your residency."[16]

In September 2008, Elaine and Larry Maultsby filed a complaint, on behalf of Lois Maultsby, against Defendant Senior Living Management Corp. in Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida.[17] The state court complaint claimed negligence, among other things, against Senior Living Management. The Circuit Judge issued an order compelling arbitration of the Maultsbys' claims in the state court case based on the arbitration agreement. The negligence claim in this action is identical to the

---

[14] *Callaway v. Hernandez*, 2010 U.S. Dist. LEXIS 28877, 26-27 (M.D. Fla. Mar. 25, 2010).

[15] Dkt. 18 at ¶ 2.

[16] Id.

[17] Id.

negligence claim in the state court action. Therefore, the negligence claim is already subject to arbitration. Allowing this claim to proceed in this action could lead to inconsistent results and a waste of judicial resources. Count Four is, therefore, dismissed.

Count Two is not covered by this agreement because it is not based on the residency agreement or the Residents' Handbook.

**VI. Nothing else in the Amended Complaint states a claim upon which relief can be granted.**

The Amended Complaint asserts this Court's jurisdiction under Florida Statute 760.01 et seq., Title VIII of the Civil Rights Act as amended by the Fair Housing Act of 1988, and 42 U.S.C. §§ 1983, 1985, and 1988. Though Plaintiffs name these statutes as bases for jurisdiction, there are no allegations in the Amended Complaint pertaining to any of these statutes.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."[18] The Amended Complaint fails to meet this requirement with regards the above statutes.

It is therefore ORDERED AND ADJUDGED that:

---

[18] Fed. R. Civ. P. 8(a) (2007).

1. Defendant Senior Living Management's Motion to Dismiss (Dkt. 17) **is GRANTED**.

2. Defendant Senior Living Management's Motion to Compel Arbitration (Dkt. 18) is **DENIED as moot**.

3. Plaintiffs may file a Second Amended Complaint within twenty (20) days of the date of this Order. Failure to do so within the allotted time shall result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Tampa, Florida on April 5, 2010.

*[signature: James S. Moody, Jr.]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2037.mtd 17.frm